Curia, per
O’Neall, J.
It is only thought necessary to discuss two out of the defendant’s seven grounds; the remaining five are regarded as sufficiently answered by the report, or as being mere matters of fact, which went fairly to the jury, and have been by them decided.
The first ground is that which objects to the charge, because it ruled that the deed of 26th of June, 1835, was wholly inoperative. That paper is very improperly considered as a deed for the transmission of property. It is, more properly speaking, a covenant, by which Thomas Phillips covenants to build a house for Margaret Phillips, and “ to supply her with good and sufficient clothing of every kind that she may stand in need of, or require, during her life time. In consideration whereof the said Margaret Phillips doth hereby make over unto the said Thomas Phillips, his heirs and.assigns, all her right and title to a certain negro woman, named Lilly, and her male child, named James, between the age of two and three years; notwithstanding the said negro woman and child is still to be under her power (that is to say, the_said Margaret Phil-, lips,) during her life time, but at her decease to be the pro-, perty of the said Thomas Phillips, or his heirs, and to be the property of no other person or persons whomsoever. Likewise, also, what other little personal property I, the said Margaret Phillips, may be possessed of at my decease, *230 shall descend to the said Thomas Phillips and his heirs, and to no other person whomsoever.”
The objections to the operation of that paper, suggested on the circuit, still remain. It is a mere contract, that at the death of Mrs. Phillips the property mentioned in it is to belong to Thomas Phillips. It cannot operate as a valid subsisting contract, by which Mrs. Phillips would be bound, because the consideration to be performed, on the part of Thomas Phillips, was precedent to any thing .to be done on her part. In consideration of building the house, and furnishing food and clothing during her life, she agreed that at her death he should have the property. He did not do the acts constituting the consideration. Therefore he cannot demand the enforcement of the paper as a contract.
It cannot operate as a deed conveying the property; for by it no present interest passes. The case of Vernon vs. Inabnet, 2d Brev. Rep. 411, would be enough for that point. But it is not necessary to rest this case upon that ground ; for, reading the whole paper, it is manifest that it was a mere contract to make a will in Thomas Phillips’s favor, and in that point of view it cannot have effect. .
It cannot, however, in any point of view, claim any higher rank than a paper to take effect at Mrs. Phillips’s death. That makes it testamentary, and having but a single witness to its execution, it is void as a will. The case of Bowker vs. Ragsdale, cited in Pitts vs. Mangum, 2d Bail. 588, sufficiently demonstrates that the paper before us is merely testamentary ; for the provisions' here, as to the future character of the estate, and that it was altogether to take effect at Mrs. Phillips’s death, are a great deal less equivocal than they were there. On this point, I take great pleasure in referring to the analagous case of Welch vs. Kinard,* just decided in the Court of Appeals in Equity, for an elaborate consideration of the matter, shewing that a deed, in all its formal parts, was, from the disposition of the property, to take effect at the donor’s death, ruled to be testamentary.
The agreement of 26th June, 1835, being thus disposed of, it only remains to enquire whether the letter from Mrs. *231 Phillips to the defendant, dated 28th September, and in which she-declared “all she had was for him at her death, as a compensation for taking care of her,” was admissible evidence. I think it clearly was, in either of two points of view.- The defendant contended, 1st, that she had given these' slaves to him ; the letter, as well as antecedent declarations to the same effect, were his supposed title. That they were inoperative was most manifest. Still, he had the right to adduce the evidence, in order to have upon it the judgment of the court. 2d. He claimed that he was a creditor of Margaret Phillips, for his care and support of her, to more than the whole value of her estate. This letter acknowledged that, by saying that all she had was for him at her death, as a compensation for taking care of her. It is true that neither this nor the former claim could prevail; for the defendant, as her administrator, could not object to the deed to Thomas Phillips, on account of its being a fraud on her creditors, and the jury were so instructed ; still the proof was admissible, so as to make the case on which my judgment was demanded, and on which my charge was predicated.
The motion is dismissed.
Richardson, Evans, Butler and Wardlaw, JJ. concurred.

 Spear’s Equity, 256.